## No. 26041

## The People of the State of Colorado v. Ernest Leroy Goff
(530 P.2d 514)

Decided December 2, 1974.

104

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

John L. Springer, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted by a jury of aggravated robbery of Theresa Bustos and of simple robbery of Patricia Smith, in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-1(1) and 40-5-1(2). Two counts of conspiracy were dismissed by the court prior to submission of the case to the jury. We affirm the convictions.

The People's evidence showed that an armed robbery occurred at a U-Tote-M Store in Westminster on the night of January 19, 1972. A man identified as appellant entered the store and walked up to the counter where a clerk, Theresa Bustos, was engaged in conversation with a customer, Patricia Smith. The robber inquired if the stamp machine was working and, upon being informed that it was, he requested change. He then said: ''This is a holdup'' and showed a gun. He also twice exclaimed, ''Hurry up.'' The clerk gave him the cash from the register. The robber, who had positioned himself about two feet from the customer standing at the counter, took from the customer's hand a twenty-dollar bill which in panic she had shoved toward him. The robber thereupon left the store and drove off in a waiting automobile with two other persons. Appellant was arrested later in the evening. He was positively identifed as the robber by both victims at a pretrial photographic lineup and again independently at the trial.

Appellant did not testify and he offered no defense evidence.

## I.

Appellant urges as grounds for reversal two instances at trial which he contends were highly inflammatory and prejudicial to him and warranted a declaration of mistrial.

■ First, in connection with the conspiracy charges, the district attorney, on direct examination of a witness to events occurring earlier in the evening before the robbery, asked the following question: "And were they talking about an armed robbery at that time?" Appellant's counsel immediately objected. The court sustained the objection. No answer to the question was given. Appellant then moved for a mistrial, which was denied. The court during instructions to the jury gave the general cautionary instruction that evidence offered at trial and rejected or stricken by the court must not be considered and that statements by counsel are not evidence. Additionally, the court dismissed the two conspiracy counts to which this improper leading question related. The conspiracy dismissals rendered moot any prejudice that might have arisen from the question asked. We find no abuse of discretion in denying the motion for mistrial.

■ The second instance complained of relates to items which had been removed from the appellant at the time of his arrest and placed in an evidence envelope. The district attorney opened the envelope in court and produced the items, among which was a knife, to be marked for identification. Appellant's counsel objected on the grounds of relevancy. The district attorney thereupon withdrew the offer, stating indeed there was nothing to link the knife to any crime in issue. Counsel then moved for a mistrial, claiming that displaying the knife to the jury was inflammatory and prejudical. The court denied this motion and then instructed the jury not to consider the knife for any purpose. It is not apparent to us that the trial court abused its discretion in this instance. A mistrial is addressed to the sound discretion of the court and the prejudice asserted as a basis therefor must be so substantial that the effect on the jury cannot be remedied by means less than a mistrial. Where the jury has been instructed to disregard tendered evidence, as in this instance, it must be presumed that the jury in the performance of its duty did so. *People v. Anderson,* 184 Colo. 32, 518 P.2d 828.

## II.

■ Appellant further argues that his conviction of simple robbery of the customer, Patricia Smith, should be reversed for insufficiency of the evidence. We disagree.

The applicable statute then in effect, 1967 Perm. Supp., C.R.S. 1963, 40-5-1(1), defined robbery as "* * * the felonious and violent taking of money, goods, or other valuable thing from the person of another by force or intimidation." Appellant argues that his attention was directed only to the store clerk and that he had no intent to rob the customer. He contends the evidence showed the customer voluntarily gave him the twenty-dollar bill. We again point out that appellant did not testify and offered no evidence in his defense.

Appellant's argument belies the evidence that in fact he took the customer's money under circumstances demonstrating a felonious taking by intimidation. It is significant that appellant was only a foot or two from the customer when he declared, "This is a holdup," displaying the gun, and exclaimed, "Hurry up, hurry up." The customer testified that from the tone of his voice and the sight of his gun she was terrified and panicked, shoving the money toward appellant. Under this evidence the jury could not have reasonably concluded otherwise than that appellant, when he grabbed the money from her hand, intended to rob the customer and therefore was guilty of robbery as defined by the statute.

The judgment is affirmed.

MR. JUSTICE DAY does not participate.