598 P.2d 148 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Randsy L. REED, Defendant-Appellant.
No. 77-518.
Colorado Court of Appeals, Div. I.
March 22, 1979.
Rehearings Denied April 12, 1979.
Certiorari Denied July 23, 1979.
*150 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.
John A. Purvis, Acting Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.
BERMAN, Judge.
Defendant was convicted of the aggravated robbery on April 26, 1976, of a Winchell's Donut Shop in Denver. He was identified by a female employee who was the only other person in the store at the time of the robbery. Defendant was also convicted of being an habitual criminal. We affirm.
Defendant argues that the trial court erred in denying his motions to suppress identification testimony of two prosecution witnesses. We disagree.
The first witness was the employee who was present at the time of the robbery (the robbery victim). The evidence at the suppression hearing showed that two days after the robbery she was shown a twelve photo lineup which included a recent picture of defendant. She identified defendant's picture as the man who had robbed her.
Defendant claims that this witness' in-court identification should have been suppressed because she picked the photo of someone other than defendant when shown the same photo lineup at the suppression hearing. Defendant argues that this illustrated her inability to make an accurate identification of defendant. There was no error, however, because any uncertainty goes to the weight of her testimony, not its admissibility. People v. Watkins, Colo., 553 P.2d 819 (1976); People v. Lawson, 37 Colo. App. 442, 551 P.2d 206 (1976).
The other witness identified defendant as the man who had robbed and sexually assaulted her in a different Winchell's Donut Shop in Denver on April 25, 1976. As to this witness (the assault victim), the evidence at the suppression hearing showed that on April 27 she went to the police station to look at some photographs. After looking through six books of photos, she was unable to identify the man who had robbed and assaulted her. She was then shown four additional photos, and picked one out as "look[ing] very close to the person." Two days later she again went to the police station and was shown the same twelve photo lineup which was shown to the robbery victim. At that time she positively identified the photo of defendant.
*151 Defendant contends that the assault victim's identification should have been suppressed because the prosecution was unable to produce the three other pictures that were included in the four photo display. However, defendant has not shown any prejudice from the loss of the photos, see People v. Hauschel, 37 Colo.App. 114, 550 P.2d 876 (1975), and there was testimony that the pictures were of men who were "similar in facial structure" to defendant. Furthermore, the certainty of the assault victim's later identifications, and the independent source thereof, is sufficient to preclude a finding of reversible error. See People v. Pickett, Colo., 571 P.2d 1078 (1977); People v. Trujillo, Colo.App., 576 P.2d 179 (1977).
Defendant next argues that the trial court erred in allowing testimony regarding the other robbery (April 25) as evidence of a similar transaction. The evidence was admitted for the limited purpose of showing plan, scheme, and design and to show identification. Defendant contends that the only issue was identification and that therefore the trial court should have limited the admission of the similar transaction to that issue. However, even if the "plan, scheme, and design," language was unnecessary, it was not prejudicial. Furthermore, the jury was instructed as to the limited purpose for which the similar transaction could be considered. See Stull v. People, 140 Colo. 278, 344 P.2d 455 (1959). Therefore we find no reversible error.
Defendant also argues that, because of the sexual assault, the robberies were not sufficiently similar to be admissible. We disagree.
The determination of similarity is within the discretion of the trial court and will not be interfered with on review absent an abuse of that discretion. People v. Henry, Colo., 578 P.2d 1041 (1978). Here the robberies occurred approximately forty-three hours apart, both involved the use of a gun, in a Winchell's Donut Shop, late at night, when the only other person in the store was a female employee. We find no abuse of discretion. See People v. Henry, supra.
Defendant next argues that the trial court erred in denying his motions for mistrials based on improper, prejudicial comments by the prosecutor. We disagree.
A mistrial is a drastic remedy which is in the discretion of the trial court. See People v. Goff, 187 Colo. 103, 530 P.2d 514 (1974). Although the prosecutor's remarks, which questioned the ethics of defense counsel, may have been improper, they do not require reversal. See Rapue v. People, 171 Colo. 324, 466 P.2d 925 (1970). The jury was contemporaneously instructed that the arguments were not evidence, and we must presume that the jury followed these instructions. See People v. Goff, supra. Thus, we find no abuse of discretion in the trial court's refusal to declare a mistrial.
Defendant next contends that during the habitual criminal hearing that followed the conviction, the trial court committed reversible error by admitting documents which showed the prior crimes with which defendant was charged but not convicted, in addition to the documents which showed defendant's prior convictions. In the circumstances of this case, we disagree.
Under the habitual criminal statutes, § 16-13-101, et seq., C.R.S.1973, it is necessary to show prior convictions. Prior charges which do not result in convictions are irrelevant, and therefore, should not be admitted. Here, however, defendant has failed to show any prejudice. There was ample evidence to establish defendant's prior convictions, and the jury was instructed as to the presumption of innocence and that an information is not evidence of guilt. We find no reversible error.
Defendant also argues that the trial court erred in refusing to submit to the jury his tendered alibi instruction. His alibi evidence related to the similar transaction rather than the crime charged. His tendered instruction stated that this is an affirmative defense and that the prosecution must prove defendant's guilt as to this issue beyond a reasonable doubt. However, there is no such requirement as to a similar transaction because a defendant is only tried for the crime charged.
*152 As to the similar transaction, once the court determines that there is sufficient similarity, the evidence is admissible for certain purposes. See People v. Henry, supra. Thus, defendant's tendered instruction was not in the proper form and therefore refusing it was not error. See Wertz v. People, 160 Colo. 260, 418 P.2d 169 (1966) (alibi instruction properly refused because not in the proper form). Cf. Henderson v. Kibbe, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.").
Defendant's final argument is that he is entitled to a new trial because of juror misconduct. Again, we disagree.
The parties stipulated that, during the jury's deliberations, a question arose regarding the amount of time necessary to drive from the location of defendant's alleged alibi to the donut shop robbed in the similar transaction. Some jurors believed it might take over twenty-five minutes, but another juror thought it would not take so long.
The following morning the latter juror kept track of how long it took her to drive a certain distance on her way to the court, and related this information to the other jurors. Later that day, they arrived at their verdict of guilty.
The trial court concluded that defendant was not prejudiced by the juror's alleged misconduct. Such a determination "is within the sound discretion of the trial court and only where that discretion has been abused will a new trial be ordered." People v. Mackey, 185 Colo. 24, 521 P.2d 910 (1974).
The "experiment" related to defendant's alibi defense which, as noted above, only went to the similar transaction rather than the crime charged. And the identification of defendant by the assault victim, regarding the similar transaction, was unequivocal. Furthermore, the juror neither visited the scene of the crime nor drove any particular route that was involved in the case. She merely timed part of the drive from her home to the court which she would have made anyway. Under these circumstances, we conclude that the trial court did not abuse its discretion and that any error arising from juror misconduct was harmless beyond a reasonable doubt. Compare State v. Arney, 218 Kan. 369, 544 P.2d 334 (1975), and Dyer v. State, Ind.App., 342 N.E.2d 671 (1976), with Watkins v. State, 237 Ga. 678, 229 S.E.2d 465 (1976), and People v. Holmes, 69 Ill.2d 507, 14 Ill.Dec. 460, 372 N.E.2d 656 (1978).
Judgment affirmed.
COYTE and ENOCH, JJ., concur.