**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Christopher Sheldon CRESPIN, Defendant-Appellant.**

**No. 79CA0713.**

Colorado Court of Appeals, Div. II.

Feb. 19, 1981.

Rehearing Denied March 19, 1981.

Certiorari Denied June 22, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Kathleen M. Bowers, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Miller & Leher, Martin P. Miller, Geraldine L. Allan, Littleton, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals from his judgment of conviction by a jury of felony murder. Defendant was charged with causing the death of the victim in commission of and attempt to commit robbery and sexual assault in the first and second degree. We affirm.

The record reveals that on the evening of November 1, 1978, defendant and his sister went to the Rathskeller Bar, and then the Dove Discotheque. At the Dove, defendant was introduced to the victim. At closing time, defendant and the victim left together. While still in the parking lot, defendant went to his sister's car, and smoked marijuana while explaining to his sister that he was leaving with the victim, in the victim's car. He then left with the victim, arriving at her home at approximately 2:00 a. m. They were met by the babysitter and the victim's nine-year-old daughter. The victim then put her daughter to bed explaining to her that defendant would take a cab back to his own car. However, the daughter was awakened at approximately 5:00 a. m. by the noise of the garage door opening. She testified that she saw defendant leaving in her mother's car, and then found her mother lying unconscious next to the sofa on the floor of the family room. Help was summoned, but resuscitation efforts were unsuccessful. The cause of death was strangulation.

Defendant was arrested for the murder, at his home, on the morning of November 2, 1978. Pursuant to a consent search, the police recovered the victim's purse from behind a stairwell, and the victim's car was found parked nearby.

At trial, and over the objection of defendant, the People introduced testimony concerning a separate incident occurring eight days earlier and involving defendant. In that incident, defendant arrived with his sister at the Rathskeller Bar, met a woman and left with her near closing time, after smoking marijuana in the parking lot. He made advances toward her, on the sofa at her apartment in the early morning hours, and when she resisted, he told her he would

hurt her if she did not cooperate. He began strangling her, but she escaped. Later she found money missing from her purse.

We first note that defendant is incorrect in his argument that the admissibility of the similar transaction evidence is controlled by § 16–10–301, C.R.S.1973 (1978 Repl. Vol. 8). That statute limits itself to the admissibility of prior sexual offenses when the crime is charged under §§ 18–3–401 through 18–3–410, C.R.S.1973 (1978 Repl. Vol. 8). This case is not brought under that limited statutory area. Rather, the admissibility of the similar transaction testimony is to be determined under the rules as set forth in *People v. Honey*, Colo., 596 P.2d 751 (1979).

In *Honey, supra*, the court determined that for evidence of another transaction to be admissible:

> "the court must address three issues: (1) is there a valid purpose for which the evidence is offered? (2) is the evidence relevant to a material issue of the case? (3) does the probative value of the evidence of the prior act, considering the other evidence which is relevant to the issue, outweigh the prejudice to the defendant that would result from its admission?"

Here, the evidence of the other transaction was offered to prove *modus operandi*; plan, scheme, or design; identity and motive. We conclude that the evidence was probative as to each of these issues.

"In order for two or more acts to constitute a scheme or design, they must have a nexus or relationship with each other from which a continuous scheme or a common design can be discerned. . . . Factors to be considered are similarity of character and time of commission of the offenses." *Honey, supra*. Here, we find sufficient similarity to admit the testimony for the purpose of showing plan, scheme or design. *See Pigford v. People*, 197 Colo. 358, 593 P.2d 354 (1979).

To establish *modus operandi* as an exception for the admission of another transaction, there must be a dissimilarity from the methods generally used in such offenses, C. McCormick, *Evidence* § 190 (2d ed. 1972), and "there must be a distinctive factor in the methods used." *Honey, supra*. As indicated by the facts presented, the conduct of defendant here is sufficiently distinctive to establish that testimony of the other transaction was admitted properly for showing *modus operandi*.

The other transaction testimony was also relevant to the material issue of identity. The identity of defendant as the perpetrator of the crime was a key issue at trial. Evidence of the similar transaction tended to identify defendant as the perpetrator of the crime charged. *See Honey, supra*.

We also find that the transaction was admissible to show the motive of the defendant. *Pollock v. People*, 166 Colo. 340, 443 P.2d 738 (1968) (Evidence that defendant had forged an instrument prior to the forgery charge at issue was admissible to show "scheme, design and motive.").

As to the requirement that the evidence of the other transaction be relevant to a material issue and outweigh its prejudice, substantial discretion is left to the trial court. *People v. Ihme*, 187 Colo. 48, 528 P.2d 380 (1974). We find no abuse of that discretion here. Therefore, the trial court did not err by admitting the similar transaction testimony nor by instructing the jury thereon.

Defendant also argues that the trial court improperly admitted photographs of the victim taken after resuscitation efforts had been made. Defendant contends that, due to the changed position and appearance of the victim's body resulting from the resuscitation efforts, the probative value of the photographs was outweighed by its prejudice. We do not agree.

The trial court has broad discretion in determining the admissibility of photographs. *See, e. g., People v. Glenn*, Colo., 615 P.2d 700 (1980). Moreover, changes in the victim's condition will not necessarily render photographs inadmissible, so long as they maintain relevance. *Armijo v. People*, 134 Colo. 344, 304 P.2d 633 (1956). (Pictures

of the deceased in a stabbing case were admissible even though they showed a surgical incision made during rescue efforts.) Here there was testimony that as a result of resuscitation efforts and checking for life signs, the position of the victim and arrangement of her clothing did not appear in the photographs the same as when the victim was first observed. Because these changes in conditions were made known to the jury, the changes did not make the photographs inadmissible, if they maintained their relevance. They did maintain their relevance here in showing the crime scene, illustrating the cause of death and as evidence of the alleged sexual assault. Therefore, there was no abuse of discretion in the admission of the photographs.

■ Defendant argues that it was the prosecution's obligation to present, in its case-in-chief, the testimony of two police officers who, as defense witnesses, testified that there were inconsistencies in the original statement given to the police by the daughter of the victim and in her testimony at trial. We disagree.

Defendant does not claim that he was not made aware of her statement. Indeed, defense counsel confronted the daughter with that statement on cross-examination and called the officers as defense witnesses. Defendant does not contend that there was any prosecutorial misconduct, nor do we find any. Absent such misconduct we find no error in the prosecutor's choice not to call the officers as witnesses. "A prosecuting attorney is not obliged to call any particular witness, but may try his case in his own way and at his discretion call those witnesses he chooses." *Hampton v. People*, 171 Colo. 153, 162, 465 P.2d 394, 399 (1970). *See also People v. Austin*, 185 Colo. 229, 523 P.2d 989 (1974). (Prosecutor is not required affirmatively to advocate at trial that evidence favorable to the defendant be admitted.)

Defendant contends that the court in *Austin, supra,* did not consider *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959), where the court stated in dictum that as an officer of the state, the district attorney

had the duty "to present all available evidence tending to aid in ascertaining the truth." Considering the context of this statement, we do not find any inconsistency. In any event, we are bound by the subsequent holding in *Austin.*

■ Defendant also contends that the prosecution should have called as a witness, before testimony of the prior transaction was introduced, the physician who performed the autopsy on the victim. Defendant argues that the physician's testimony that there was no evidence of sexual assault of the victim would have precluded introduction of the prior transaction testimony because of the State's failure to prove a prima facie case of sexual assault. We have already rejected defendant's theory that introduction of the prior transaction was controlled by § 16–10–301, C.R.S.1973 (1978 Repl. Vol. 8). Thus, the State did not first have to prove a prima facie case of sexual assault and it was, therefore, not error to introduce the testimony of the physician subsequent to introduction of the prior transaction testimony.

Even if defendant's basic contention were correct, there would be no error here because before the introduction of the evidence of the prior transaction the prosecution did submit the testimony of a forensic serologist whose testimony was similar to that of the doctor.

■ We find no merit in defendant's assertion that there was error in the prosecution's efforts to prevent admission of certain evidence offered by defendant. In is not only the right, but the duty of the prosecutor to object to evidence that he reasonably and in good faith believes is inadmissible. The record shows that the trial court, on several occasions, sustained the prosecution's objections. Defendant does not challenge the trial court's rulings and we find no misconduct on the part of the prosecutor in lodging these or other objections during the trial.

We have considered defendant's remaining contentions and find them without merit.

Judgment affirmed.

STERNBERG, J., concurs.

KIRSHBAUM, J., specially concurs.

KIRSHBAUM, Judge, concurring specially.

Because I agree that the evidence of defendant's prior similar acts was offered to prove and was relevant to the issue of identity in this case, I concur with the result reached by the majority. However, I do not agree that such evidence was relevant to establish plan, scheme, design or motive. Such secondary theories were never brought into question in this case. *See People v. Casper,* Colo.App., 631 P.2d 1134 (1981). I also conclude that the similarities of the two transactions were not sufficiently distinctive to establish any "modus operandi" of this defendant. However, I conclude that the admission of this evidence for unwarranted purposes and the consequent erroneous instructions constitute harmless error in this case. *See People v. Reed,* 42 Colo.App. 275, 598 P.2d 148 (1979). I also find no abuse of discretion in the trial court's determination that the probative value of the evidence outweighs its prejudicial effect. *See People v. Gutierrez,* Colo., 622 P.2d 547 (1981).