**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**William Dean CORNETT, Defendant-Appellant.**

**No. 82CA1242.**

Colorado Court of Appeals, Div. I.

Feb. 16, 1984.

Rehearing Denied March 22, 1984.

Certiorari Denied Aug. 7, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Banowetz, Liggett & Moore, Thomas H. Moore, Fort Collins, for defendant-appellant.

PIERCE, Judge.

Defendant, William Dean Cornett, appeals his jury conviction of second degree burglary asserting, as error, among other things, the improper communication of information to the jury while it was in deliberations. We reverse.

During the People's case-in-chief, the trial court allowed a co-defendant to testify concerning his pleas of guilty to burglary and theft, but properly refused to allow defense counsel to question him concerning the sentences imposed upon entry of these pleas. The trial court continually instructed the jury throughout the trial not to read any media reports or listen to any media broadcasts and not to obtain evidence independent of that presented by each party during trial. Finally, the trial court instructed the jury that the duty and responsibility for punishment and sentencing was solely that of the trial court and not that of the jury.

The day after the jury returned its verdict, the foreman contacted defense counsel and informed him that a newspaper article had been read in its entirety to all members of the jury. Thereafter, both the foreman and another juror stated, by affidavit, that the article, which reported the events of defendant's trial, including information de-

tailing the sentence imposed upon a co-defendant, had been read to the entire jury.

 As part of its consideration of the motion for new trial, it was proper for the trial court to review these affidavits. A jury verdict may be impeached by affidavit where an improper influence is brought to bear on their deliberations, so long as there is no inquiry into the mental processes of the jury. *See Wharton v. People,* 104 Colo. 260, 90 P.2d 615 (1939).

CRE 606(b) is applicable to the situation presented here. Virtually identical to its Federal counterpart, CRE 606(b) reads in pertinent part as follows:

> "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jurors attention or whether any outside influence was improperly brought to bear upon any juror."*

 Subsequent to the adoption and effective date of both the federal rules and Colorado Rules of Evidence, improper communications to jurors, specifically concerning the punishment or sentencing of a defendant, have been held to be presumptively prejudicial. *United States v. Greer,* 620 F.2d 1383 (10th Cir.1980). We adopt that rule here.

In *Greer,* the court focused upon the substance of the external influence, conversations concerning punishment and sentencing, and, as is the case here, the absence of any showing of harmlessness. Indeed, the court in *Greer* concluded that because a verdict had been returned after presumptively prejudicial communications between a court official and the jury, no showing of harmlessness could have been made without delving into the effect of the communication upon individual jurors or the mental processes of each juror in connection with these communications.

 In a similar vein, the jurors here failed to follow the trial court's instructions concerning media coverage of the case given throughout the trial and its instructions concerning sentencing and punishment of the defendant. The article, read in its entirety to all members of the jury, specifically addresses the sentencing and punishment of a co-defendant. We conclude that the article contained presumptively prejudicial information. Further, because the court had no knowledge of the communication, it had no opportunity to cure the prejudicial impact of the external influence, and therefore, no showing of harmlessness could have been made.

Accordingly, under the facts of this case, the trial court abused its discretion when it refused to grant a new trial. *See People v. Mackey,* 185 Colo. 24, 521 P.2d 910 (1974); *People v. Reed,* 42 Colo.App. 275, 598 P.2d 148 (1979).

We do not address the remaining issues presented by defendant on appeal as they are unlikely to arise again on retrial.

The judgment is reversed and the cause is remanded for new trial.

BERMAN and METZGER, JJ., concur.