**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**James A. EARLY, Defendant-Appellant.**

**No. 82CA0685.**

Colorado Court of Appeals,
Div. II.

May 10, 1984.

Rehearing Denied June 7, 1984.

Certiorari Denied Dec. 10, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, James A. Early, appeals his conviction by a jury of first degree aggravated motor vehicle theft, second degree burglary, two counts of theft, and of being an habitual criminal. We affirm.

The defendant's convictions were based on incidents of stealing committed during the three-day period, February 4–6, 1981. The record shows that on February 4, defendant stole a 1980 AMC yellow Eagle, bearing dealer's plates, from its parking spot at the corner of 18th and Grant Streets in Denver. The record also reveals that, on the following day, defendant broke a window pane in the front door of a home located at 744 South Flamingo Court, Denver, and stole a new television set, stereo, antique lamp, silver, and linens. Several neighbors witnessed the placing of these items in the stolen Eagle. Although none of the above items were recovered by police, defendant's latent fingerprints were discovered on a clock radio, which was discovered by the victim to have been moved on the day of the burglary from her bedroom to the living room and left there.

Finally, the record shows that, on February 6, defendant burglarized a home at 769 Olive Street, Denver, of two televisions, a stereo, a four-piece silver set, traveler's checks, various gold jewelry containing diamonds and rubies, and a United Bank money pouch, which items were later found on defendant's person and in the stolen Eagle which defendant had parked at a cocktail lounge in Denver on the morning of February 6.

The habitual criminal charge was based on three previous felony convictions. These previous convictions were listed as separate counts in the information in the instant case.

Following his conviction, defendant was sentenced to four years on the aggravated motor vehicle theft count, eight years on the second degree burglary count, four and five years on the two theft counts, and "for the rest of his natural life" as an habitual criminal. The first four sentences were to be served concurrently with that for the habitual criminal count. This appeal followed.

I.

Defendant's first contention is that the trial court erred in denying his motion for a separate trial of the criminal counts with which he was charged because the offenses occurred on separate dates, involved different victims, and required different proof. We disagree.

■ Crim.P. 14 provides that the trial court may order the severance of offenses if it appears that the defendant or the prosecution would otherwise be prejudiced. However, a motion for severance is directed to the sound discretion of the trial court, and absent an abuse of that discretion resulting in prejudice to the defendant, denial of the motion will not be disturbed on appeal. *People v. Warren*, 196 Colo. 75, 582 P.2d 663 (1978); *People v. Martinez*, 652 P.2d 174 (Colo.App.1981).

■ Defendant claims that denial of his motion to sever counts prevented him from testifying as to one or two, but less than all, charges pending against him. However, as defendant himself points out, our Supreme Court rejected this very same argument in *People v. Walker*, 189 Colo. 545, 542 P.2d 1283 (1975) when it held:

"The mere fact that the defendant wishes to testify on one count and not on the other does not automatically entitle one to severance under Crim.P. 14. The moving party must make a 'convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.' *Baker v. U.S.*, 131 U.S.App. D.C. 7, 401 F.2d 958, 977 (D.C.Cir.1968)."

Since defendant has failed, both in his appellate brief and in his original motion, to make the showing required by *Walker*, he was not entitled to severance based solely on his desire to testify on less than all the counts with which he was charged.

■ Defendant also claims that denial of his motion to sever improperly allowed the jury to consider evidence of the two other offenses charged in determining defendant's guilt on the third charge. However, the requisite unfair prejudice to a defendant is not shown where the evidence of each transaction would be admissible in separate trials to show intent, common scheme, plan, design, or modus operandi. *People v. Allen*, 42 Colo.App. 345, 599 P.2d 264 (1979).

■ Here, the stolen automobile was used in the burglaries and thefts charged to transport the stolen items. Hence, evidence of each of the charges would have been admissible in each case, even if all the charges had been tried separately to show the defendant's plan or scheme. Therefore, the initial joinder as well as the court's failure to sever the theft count and the two robbery-theft counts was permissible notwithstanding the fact that here, as in *People v. Allen, supra,* the offenses involved three different dates and three different victims.

■ In order to justify reversal on appeal for a trial court's abuse of discretion in denying severance of counts, "[t]here must be actual prejudice to the defendant and not just differences that are inherent in any trial of different offense.... The important inquiry is whether the trier of fact will be able to separate the facts and legal theories applicable to each offense." *People v. Pickett*, 194 Colo. 178, 571 P.2d 1078 (1977).

Here, defendant has failed to outline to this Court any specific inability which the jury had in separating the facts and legal theories applicable to each offense in this relatively uncomplicated series of facts. This fact, together with a lack of actual prejudice to defendant, compels our conclusion that the trial court did not err in denying defendant's motion for severance of counts.

## II.

Defendant's second contention is that the trial court erred in denying his motion for mistrial based on a police officer's testimony that defendant was "an experienced burglar." Again, we disagree.

■ The denial of a motion for mistrial is addressed to the sound discretion of the trial court and the trial court's ruling will be upheld on appeal, absent a showing of a gross abuse of discretion. *Massey v. People*, 649 P.2d 1070 (Colo.1982). Indeed, as defendant himself points out, a mistrial is appropriate only where the prejudice to defendant is so substantial that the effect on the jury cannot be cured by any less drastic means. *People v. Goff*, 187 Colo. 103, 530 P.2d 514 (1974). Here, neither the record, nor defendant's brief, reveals any such substantial or uncured prejudice.

The specific testimony to which defendant objects occurred in the context of the following colloquy:

DISTRICT ATTORNEY: How did you detain him?

POLICE OFFICER: Initially, I popped the doors open and pulled my gun on him.

DISTRICT ATTORNEY: Why did you pull your gun?

POLICE OFFICER: Well, at eight years on the job, I'm pretty cautious. He's an experienced burglar—or, at least—

DEFENSE ATTORNEY: Objection.

THE COURT: Objection is going to be sustained and it will be stricken from the record and the jury be instructed to disregard it.

Officer, you don't make statements like that unless you know.

POLICE OFFICER: Okay.

"Where the jury has been instructed to disregard tendered evidence, as in this instance, it must be presumed that the jury in the performance of its duty did so." *People v. Goff, supra.* Therefore, the trial court properly denied defendant's motion for mistrial.

### III.

Defendant next contends that the trial court erred by failing to instruct the jury on the crime of theft by receiving between $50 and $200 as a lesser, non-included offense. Again, we disagree.

Initially, we note that defendant is not contending that the evidence was insufficient as a matter of law to support any of his convictions. Rather, he argues that the jury should have been given the option to convict him of a lesser, non-included offense.

■ Before a lesser, non-included offense instruction may be submitted to the jury, "there must be some evidence in the record to rationally support a conviction on the lesser offense." *People v. Aragon*, 653 P.2d 715 (Colo.1982). Here, there was no rational basis for a verdict convicting defendant of theft by receiving between $50 and $200.

Evidence at trial showed that the value of articles stolen from two of the three victims was estimated at $600 and $1,300, respectively. As regards the third victim, the state concedes that the market value of the 1980 Eagle was not established at trial. However, in determining value, "the use of

the article and common knowledge all may be considered." *Burns v. People*, 148 Colo. 245, 365 P.2d 698 (1961).

■ Using common knowledge and considering the evidence that the vehicle was new and operable and that it had been used by the car dealership's corporate attorney, we conclude that no reasonable basis existed upon which defendant could be convicted of theft by receiving between $50 and $200 for the theft of the 1980 Eagle. Therefore, we hold that the trial court properly rejected defendant's tendered instruction.

### IV.

■ Defendant next contends that the trial court erred in not instructing the jury that the mental state of "knowingly" applied to the element of "without authorization" in the theft instruction. Since defendant failed to raise this issue in his motion for new trial, reversal is not warranted absent a finding of plain error. *People v. Constant*, 645 P.2d 843 (Colo. 1982); *People v. Harris*, 633 P.2d 1095 (Colo.App.1981). Here, the trial court's instructions did not constitute error, plain or otherwise.

■ In *People v. Gresham*, 647 P.2d 243 (Colo.App.1982), we held:

"A special instruction on 'knowingly' as applied to 'without authorization' is not required."

Hence, *Gresham, supra*, is dispositive of this issue, and therefore, the jury was properly instructed on the crime of theft.

### V.

■ Defendant's final contention is that the trial court erred in imposing sentence on each individual conviction in addition to the life sentence for the habitual criminal charge. The attorney general concedes such an error and, although we are not bound by such a concession involving a question of law, *see People v. Nave*, 689 P.2d 645 (Colo.App.1984), we agree that such sentences were in error.

In *People v. Montoya,* 640 P.2d 234 (Colo.App.1981), this court proscribed the sentencing of a defendant for both (1) an habitual criminal charge, and (2) the criminal count or counts underlying and triggering the bringing of the habitual criminal charge. The rationale for this rule is that the habitual criminal statute does not create an "offense," but merely prescribes the consequences to a defendant who is convicted of a crime after achieving a certain "status." *People v. Montoya, supra.* Therefore, given the creation of no separate offense, no separate sentence is justified.

Rather than imposing a separate sentence for defendant's status, habitual criminal statutes merely substitute a different and more severe sentencing range than the penalty provided for in the criminal statute or statutes which were violated by defendant and which constitute the underlying offense or offenses. *Virgin Islands v. Henry,* 533 F.2d 876 (3rd Cir. 1976), *overruled on other grounds, United States v. Busic,* 639 F.2d 940 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). That is, "[t]he [recidivist] statute ... is aimed at habitual criminals ... [and] [t]he punishment is for the new crime only, but is the heavier if he is an habitual criminal...." *Virgin Islands v. Henry, supra; McDonald v. Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901); *see also Graham v. West Virginia,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912); *Moore v. Missouri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895).

Accordingly, we reverse defendant's four-year sentence on the aggravated motor vehicle theft count, his eight-year sentence on the second degree burglary count, and the four- and five-year sentences on the two theft counts. Since each of the above convictions is for a felony with a maximum penalty exceeding five years and since the jury found that, within ten years of those offenses, defendant has been thrice previously convicted of a felony, the trial court "shall" upon remand, and as required by § 16–13–101, C.R.S. (1983 Cum.Supp.), substitute four life sentences in place of the sentences previously imposed by the court. For, given the mandatory language of the sentencing statute, the trial court has no alternative but to comply with the legislatively created restraints in determining the sentence to be imposed. *People v. White,* 679 P.2d 602 (Colo.No.1984).

Further, where the offenses for which a defendant is convicted are not based on the same act or series of acts arising from the same criminal episode, there is no requirement that the sentences for each offense run concurrently. Section 18–1–408(3), C.R.S. (1978 Repl.Vol. 8). Here, defendant admits that the four offenses of which he was convicted occurred on three separate dates, involved different victims, and required different proof.

Therefore, on remand, the trial court may order that the life sentences to be imposed on defendant for the four separate offenses run concurrently or it may order that they run consecutively. In granting the discretion to the trial court to impose such lengthy sentences, we are mindful not only of the fact that four life sentences are required by § 16–13–101, C.R.S. (1983 Cum. Supp.), but also of the fact that the imposition of *consecutive* life sentences is unquestionably constitutional. *People v. Montgomery,* 669 P.2d 1387 (Colo.1983). For "double jeopardy does not preclude vacating the sentence on the predicate felony counts and the imposition of a new sentence by the trial judge ... which may be greater, less than, or the same as the original sentence." *United States v. Busic, supra.*

The judgment is affirmed; the sentences imposed are vacated; and the cause is remanded to the trial court for the entry of four life sentences and to determine whether these life sentences should be concurrent or consecutive.

KELLY and BABCOCK, JJ., concur.