**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Michael LEWIS, Defendant-Appellant.**

**No. 85CA0980.**

Colorado Court of Appeals, Div. II.

Feb. 19, 1987.

Rehearing Denied March 19, 1987.

Certiorari Denied (Lewis) July 13, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Sherry S. Seiber, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Michael Lewis, was convicted of attempted murder in the first degree, assault in the first degree, and attempted robbery, following a jury trial. He appeals, asserting as his most significant contention of error that his speedy trial rights were denied. We find no error, and therefore affirm.

The charges in this case arose from the attempted robbery of a Denver restaurant during which one of the employees was shot by one of the robbers.

The deputy public defender assigned to represent the defendant in this case, filed a motion on the defendant's behalf to suppress evidence that the defendant had previously pleaded guilty to a felony. One of the grounds for suppressing such evidence was an allegation that defendant's counsel in that proceeding had provided ineffective assistance with regard to the plea. The counsel that was named in that motion also was a deputy public defender and actively participated in defendant's defense in the present case.

In response to the court's concern about a possible conflict of interest on the part of defendant's counsel, the attorney who had filed the suppression motion stated that the allegation that previous counsel was ineffective was part of a stock motion practice used by her office, and that she did not intend to raise the issue in this case. The trial court then appointed new counsel, not from the public defender's office, to advise the defendant on issues regarding his previous plea and the potential conflict of in-

terest on the part of the public defender's office.

The trial court denied the defendant's subsequent motion to waive any conflict of interest regarding the public defender's office, finding that the court's need to enforce appropriate standards of professional conduct for members of the defense bar, and its interest in maintaining the integrity of the court, outweighed the defendant's desire to maintain the close relationship he had developed with the public defenders. Relying in part on *Riley v. District Court*, 181 Colo. 90, 507 P.2d 464 (1973), the court found that ethical violations would certainly result if the public defenders were allowed to remain on the case, and that the public defenders already had given an impression of impropriety by counseling the defendant to abandon a potentially meritorious motion so that they might avoid a conflict of interest.

The court then made permanent its temporary order appointing defendant's new counsel, and it became necessary for new counsel to move for a continuance in order to prepare for trial. The defendant objected to the waiver of speedy trial necessitated by the continuance. The case was eventually set for trial on April 15, 1985, which was well within the statutory speedy trial period, given the continuances properly granted to both the prosecution and the defendant.

The defendant argues that, in dismissing his former attorneys for an ethical conflict, the trial court effectively forced his newly appointed attorney to request a continuance in order to prepare for trial, thus denying him his statutory and constitutional speedy trial rights. We disagree.

The record shows that the trial court counseled the defendant at length as to his new attorney's request for a continuance, and that the defendant understood and agreed with the need for a continuance. The fact that the continuance was ultimately occasioned by a ruling of the trial court disqualifying the defendant's attorneys does not change the result under § 18-1-405(3), C.R.S. (1986 Repl. Vol. 8B). That section states that the speedy trial period shall be extended for an additional six months if the defendant requests and is granted a continuance for trial.

Because the record supports the trial court's ruling which created the need for a continuance, and because there is no evidence in the record of prosecutorial bad faith, *see Hampton v. District Court*, 199 Colo. 104, 605 P.2d 54 (1980); *People v. Steele*, 193 Colo. 87, 563 P.2d 6 (1977), we conclude that the trial court correctly interpreted § 18-1-405(3). Thus, the ruling of the trial court was correct and the defendant was not denied his rights to a speedy trial.

Defendant's other contentions of error are without merit.

Judgment affirmed.

SMITH and KELLY, JJ., concur.