The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Vernon **SCALES**, Defendant-Appellant.

No. 86CA0258.

Colorado Court of Appeals, Division II.

May 28, 1987.

Rehearing Denied June 25, 1987.

Certiorari Granted (People) Oct. 5, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Pamela Stross Kenney, Janet Y. Fullmer, Deputy State Public Defenders, Denver, for defendant-appellant.

TURSI, Judge.

The defendant, Vernon Scales, appeals a judgment of conviction entered on a jury verdict finding him guilty of first degree sexual assault. His principal contention is that the trial court erred by denying him dismissal of the charge for violation of his right to speedy trial. We agree and therefore reverse.

The defendant was charged with the assault and entered a plea of not guilty on March 22, 1985. The trial court set the case for trial on August 12, 1985.

On July 16, 1985, defendant's public defender requested permission to withdraw claiming "the Attorney-Client relationship has broken down and no longer exists between counsel and Mr. Scales." The trial court denied the motion.

On July 26, 1985, a motion was filed by the Colorado State Public Defender notifying the trial court that he intended to substitute another public defender. The notice stated the substitution was compelled by the Code of Professional Responsibility in that the defendant's assigned public defender's ability to represent the defendant effectively had become impaired. There is no further explanation of the ethical problem on the record. A motion to continue the trial was also filed asserting that the substituted counsel could not be prepared for trial on the scheduled date. This motion informed the trial court that the defendant would not consent to any conduct by counsel that affected his right to a speedy trial.

At the hearing on the motions, the defendant steadfastly refused to waive his right to a speedy trial. He also stated he had no objection to proceeding to trial with the first public defender assigned to him.

The trial court, stating that he understood the first public defender was ethically compelled to withdraw, granted the substitution of counsel. The source of this understanding is not in the record. The trial court further ruled it would be almost impossible for another attorney to become prepared in time for the August trial date and, therefore, the continuance was necessary.

The trial court then set the trial on the next available trial date, October 28, 1985, which was more than one month past the original speedy trial deadline. Prior to trial and at the defendant's insistence, his counsel filed a motion to dismiss for violation of his right to a speedy trial set out in § 18-1-405, C.R.S. (1986 Repl. Vol. 8B) and Crim.P. 48(b). The trial court denied the dismissal ruling the six-month time limit recommenced on the day the continuance was granted.

The defendant asserts the continuance did not extend the speedy trial deadline and that he did not waive his right to speedy

trial; therefore, he argues, the trial court erred by denying dismissal of the charges. Under the circumstances of this case, we agree.

The People, citing *People v. Anderson*, 649 P.2d 720 (Colo.App.1982), contend the continuance was attributable to the defendant since it was requested by defendant's new counsel to provide her time to prepare properly for trial. However, we conclude *Anderson* is inapplicable since the continuance was precipitated by the trial court's grant of substitution of counsel.

The rule in *Anderson* was adopted as an extension of the principle that trial counsel has broad authority to conduct litigation and needs reasonable flexibility regarding tactical choices. Further, we noted in *Anderson* that the additional time was necessitated by motions made to benefit defendant. Here, counsel's authority and flexibility to conduct litigation is not at issue. Rather, the issue is whether the trial court should have granted substitution of counsel and continued the trial past the date for speedy trial (§ 18–1–405) when defendant has consented to proceed with the original counsel and has objected to waiver of his right to speedy trial.

■ Here, neither the initial public defender nor the trial court followed the procedures required by *People v. Schultheis*, 638 P.2d 8 (Colo.1981) in cases of claimed irreconcilable conflict. If the asserted conflict implicates the confidentiality inherent in the attorney-client relationship, *Schultheis* requires that counsel seeking to withdraw make a record out of the presence of the trial judge and the prosecutor, and that the record should be made in a manner which protects the confidentiality of the lawyer-client relationship. Although in *Schultheis* the issue was a denial of a motion to withdraw, we conclude that the same procedure should be followed when, as here, the granting of the motion to withdraw overrides a defendant's insistence that his right to speedy trial not be waived.

An appellate court, on review, can then determine whether the asserted conflict was of sufficient gravity to deprive the defendant of effective assistance of counsel. It is undisputed that the defendant clearly objected to waiver of his right to speedy trial and consented to the first public defender remaining on the case. However, the trial court did not direct defense counsel to make a record for an appellate determination whether the attorney-client relationship had deteriorated to such a point that the assigned public defender was unable to represent the defendant effectively.

■ Accordingly, the continuance was attributable to the trial court and not the defendant and, thus, did not extend the speedy trial deadline. It is the responsibility of the prosecution and the trial court to set a trial date within the speedy trial time limits. *People v. Colantonio*, 196 Colo. 242, 583 P.2d 919 (1978). Therefore, the defendant was brought to trial past the speedy trial six-month deadline, and the conviction must be reversed. *See* § 18–1–405.

Moreover, *People v. Lewis*, 739 P.2d 861 (Colo.App.1987) is inapposite. While *Lewis* also concerned the trial court's appointment of a new attorney for the defendant, effectively forcing a request for a continuance, there the trial court made a determination on the record that the public defender had a conflict of interest with the defendant; it counseled the defendant at length regarding the continuance; and the defendant agreed with the need for a continuance. Those facts distinguish *Lewis* from this case.

Since we reverse the defendant's conviction for violation of his statutory right to speedy trial, we need not reach his other contentions.

The judgment is reversed and the cause remanded with directions to dismiss the charges.

SMITH and BABCOCK, JJ., concur.