The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Derrek L. MONROE, Defendant–
Appellant.

No. 94CA0359.

Colorado Court of Appeals,
Div. II.

May 18, 1995.

Rehearing Denied June 22, 1995.

Certiorari Denied Dec. 4, 1995.

Cross-Petition for Certiorari Granted
Dec. 4, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maureen Phelan, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

Patrick J. Mulligan, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Derrek L. Monroe, appeals the judgment of conviction entered upon jury verdicts finding him guilty of numerous felonies. We affirm.

Defendant was present at a basketball game in a public park, which culminated in a personal confrontation among some of the players. After this confrontation appeared to end, an individual, later identified as defendant, went to his car, produced an automatic weapon, and fired it at members of the opposing team, severely wounding three of them. When later arrested, defendant gave the police a false name and a forged driver's license.

Upon defendant being charged as a result of this incident, a public defender was appointed to represent him, but before defendant's first scheduled trial date, his counsel was allowed to withdraw. That counsel had previously represented a witness endorsed by the People and explained to the court that "an irreconcilable conflict" had arisen. Defendant did not object to his withdrawal.

Replacement counsel was appointed, and trial was rescheduled for a date which coincided with the end of the six-month speedy trial period. Defendant's new counsel stated, however, that he could not be prepared for trial by the scheduled date. Defendant was then offered the choice of accepting new counsel and waiving his right to a speedy trial or proceeding *pro se;* defendant initially chose the latter. Just before commencement of trial, however, defendant reconsidered and elected to be represented by counsel, and the trial date was continued.

Defendant was eventually convicted of four counts of attempted first degree murder, three counts of first degree assault, one count of second degree assault, one count of

second degree forgery, and one count of criminal impersonation.

## I.

Defendant first contends that the trial court erred in allowing his first appointed counsel to withdraw, thereby depriving him of his right to counsel of his choice and his right to a speedy trial. We disagree.

Approximately two weeks before the date scheduled for trial, the public defender who had been assigned to represent defendant appeared before the court and requested that he be allowed to withdraw from further representation. As grounds for such request, he stated that a witness who had been endorsed by the People had previously been represented by the same public defender's office. Counsel said that, initially, he believed that there was no "strong conflict." He also noted, however, that the same investigator had been used by the public defender in both instances, and as a result of the information gained through the prior representation of the prospective witness and the services of the investigator, an "irreconcilable difference" with defendant had arisen.

In response to the People's suggestion that they might decide not to call the witness previously represented, defense counsel said:

> They cannot force us to commit an unethical act. In essence, they would be conspiring to commit an unethical act, and I don't think that's appropriate.... I cannot enforce [expand upon?] the statement that there's a conflict of this type occurring as an ongoing conflict. Once [the witness in question] was endorsed and information was brought to our attention that created a conflict, that cannot now be dismissed. Whether or not she's called on, the information is out there, and we do have substantial information. That creates a problem.

Defendant did not object to counsel's withdrawal, and based on the foregoing representations, the trial court granted the request to withdraw and appointed new counsel for defendant. This ultimately led to a continuance of the trial date beyond the period set by statute for bringing a defendant to trial.

## A.

Defendant first contends that the trial court deprived him of his Sixth Amendment right to counsel of his choice. We disagree.

Because he did not object to counsel's withdrawal, defendant is now constrained to argue that, because he had the right to waive the right to conflict-free representation, *see Tyson v. District Court,* 891 P.2d 984 (Colo. 1995), he also had the right to be informed of this right and that the trial court's failure so to inform him effectively deprived him of his right to counsel of his choice.

▮ Any putative right to be advised of the right to object to the withdrawal of counsel would amount to no more than the right to be advised of the right to counsel in the first instance. Defendant was properly advised of and exercised that right.

## B.

Defendant also argues that, because the trial court's order authorizing counsel's withdrawal had the practical effect of delaying trial beyond the statutory period, his statutory right to a speedy trial was violated. Again, we disagree.

Section 18–1–405(1), C.R.S. (1986 Repl.Vol. 8B) provides that a defendant must be brought to trial within six months after arraignment. However, § 18–1–405(3), C.R.S. (1986 Repl.Vol. 8B) contains an exception:

> If a trial date has been fixed by the court, and thereafter the defendant requests and is granted a continuance for trial, the period within which the trial shall be had is extended for an additional six months' period from the date upon which the continuance was granted.

▮ Hence, the trial court properly extended the speedy trial deadline if the continuance caused by substitution of counsel was chargeable to defendant. And, that continuance was chargeable to defendant if it was caused by an affirmative act of his, with his express consent, or by other affirmative conduct evincing consent.

■ Whether any of these circumstances exist must be determined on an *ad hoc* inquiry. *People v. Scales,* 763 P.2d 1045 (Colo. 1988); *People v. Cerrone,* 867 P.2d 143 (Colo. App.1993).

■ Absent an abuse of discretion that results in injustice, the decision to grant a continuance is left to the sound discretion of the trial court, *People v. Scales, supra,* as is a motion for counsel to withdraw based on a conflict of interest. *McCall v. District Court,* 783 P.2d 1223 (Colo.1989).

■ Defendant argues, however, that the record must contain sufficient information concerning the details of the conflict to demonstrate on appeal that withdrawal was warranted. This is not required.

In *People v. Schultheis,* 638 P.2d 8, 14 (Colo.1981), our supreme court determined that, because of the privileged and confidential nature of communications between a client and counsel, there may be many instances in which "counsel may only state, in the motion to withdraw, that he has an irreconcilable conflict with his client." Yet, such a general representation "may mean a conflict of interest, a conflict of personality, a conflict as to trial strategy, or a conflict regarding the presentation of false evidence."

■ It is only if the trial court denies counsel's request to withdraw that counsel should make a "private record" of the conflict, which is not to be disclosed either to the court or to the prosecutor. The purpose of making such a record is solely to preserve evidence for any future post-trial claim by the defendant that counsel's representation was ineffective for Sixth Amendment purposes. Counsel cannot, however, disclose the details of any conflict, and the court in *Schultheis* criticized counsel's disclosure of his knowledge that a witness whom defendant sought to present was prepared to testify falsely.

■ Here, counsel advised the court that the witness endorsed by the People was a previous client and that the conflict resulted, not from that fact alone, but from information discovered by counsel and by the investigator during the investigation of both charges. It is by no means clear, therefore, that the irreconcilable conflict that counsel referred to arose simply because of information gained in confidence from the former client, such as was the case in *Rodriguez v. District Court,* 719 P.2d 699 (Colo.1986).

Rather, because counsel insisted that the present conflict would continue to exist, even if the People did not call the former client as a witness, it is not evident how defendant here could have effectively waived his right to conflict-free counsel, as the client specifically requested in *Rodriguez,* even if he were so inclined. And, in any event, the record contains no indication that defendant attempted any such waiver.

We conclude, therefore, that the representations made by counsel were sufficient to allow the trial court to determine that a serious conflict existed. Such representations may not have been such as to require the court to authorize his withdrawal. *See People v. Schultheis, supra.* However, because the confidential relationship may prevent counsel from making any more detailed representation, counsel's statement that a conflict is presented provides a proper basis upon which the court may authorize such withdrawal.

It is true that counsel's withdrawal may not have resulted from any conduct of the defendant and that defendant expressly did not waive his right to a speedy trial. Rather, defendant consistently refused to waive that right until the day of trial, when he was given the choice of proceeding *pro se* or of allowing appointed counsel to represent him after a continuance; defendant chose the latter alternative.

However, in such instances, it has been held that defendant's choice constitutes "other affirmative conduct evincing consent," so long as the record demonstrates that the trial court did not abuse its discretion in allowing counsel to withdraw. *See People v. Cerrone, supra; People v. Lewis,* 739 P.2d 861 (Colo.App.1987).

We conclude, therefore, that, because good cause existed for allowing counsel to withdraw, the resulting delay in the trial did not

constitute a violation of defendant's rights under § 18–1–405(3).

## II.

Defendant next contends that the trial court erred in refusing to sever the counts of second degree forgery and criminal impersonation. We disagree.

A motion under Crim.P. 14 for severance of counts is addressed to the sound discretion of the trial court, whose decision will not be reversed absent an abuse of that discretion. An abuse of discretion will be found only if defendant demonstrates actual prejudice arising from the joint trial of the separate offenses and that the trier of fact was not able to separate the facts and legal principles applicable to each offense. *People v. Aalbu*, 696 P.2d 796 (Colo.1985).

Defendant's first theory of prejudice is that the jurors were improperly allowed to consider evidence of his false identification to police in determining his guilt on the attempted murder charges. However, evidence of a defendant's use of a false name is admissible if it tends to show a consciousness of guilt and a desire to avoid detection. *People v. DeHerrera*, 680 P.2d 848 (Colo. 1984); *People v. Loyd*, 751 P.2d 1015 (Colo. App.1988). Since this evidence would have been admissible even if the counts had been severed, defendant was not prejudiced by its introduction. *People v. Early*, 692 P.2d 1116 (Colo.App.1984).

Defendant's other theory of prejudice is that he was prevented from testifying concerning the false identification charges while preserving his right to remain silent as to the others. However, our Supreme Court rejected an argument of this nature in *People v. Walker*, 189 Colo. 545, 550, 542 P.2d 1283, 1286–87 (1975), holding that:

> The mere fact that the defendant wishes to testify on one count and not on the other does not automatically entitle one to severance under Crim.P. 14. The moving party must make a 'convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.' *Baker*

*v. United States*, 131 U.S.App.D.C. 7, 401 F.2d 958, 977 (D.C.Cir.1968).

Here, the only testimony as to the misidentification counts that defendant suggests he was precluded from giving was a confession of guilt. We cannot conceive how the jury's failure to hear his confession with respect to this count prejudiced him upon the other counts. The jurors did not hear his confession in these proceedings, and they likewise would not have heard it had the misidentification count been saved for later trial.

Finally, defendant failed to outline to this court any specific inability which the jury might have had in separating the facts and legal theories applicable to attempted murder as opposed to forgery and impersonation. *See People v. Early, supra.* Hence, the trial court did not err in denying defendant's motion for severance.

## III.

Defendant next contends that the trial court erred in not imposing a more severe sanction for an alleged discovery violation by the People. We disagree.

The choice of an appropriate sanction in a criminal case for a violation of a discovery rule is within the sound discretion of the trial court. Such sanctions serve the goals of protecting the integrity of the court's truth-finding function and of deterring any future violations. To serve the first goal, the sanction should be no more restrictive than necessary to put the defendant in as good a position as if the violation had not occurred. To serve the second, the court must consider the degree of culpability, if any, attending the violation. *People v. District Court*, 808 P.2d 831 (Colo.1991).

Prior to trial in this case, a deputy district attorney met with a witness and conducted a photo lineup. The witness immediately identified the defendant. That attorney subsequently withdrew from the case for unrelated reasons, but she neglected to inform her successor of the lineup. The trial prosecutor was, therefore, unaware that this lineup had occurred.

During a recess at trial, the prosecutor learned of the lineup and promptly informed

the court and counsel of its occurrence. Defendant moved for dismissal because the People's failure to disclose this event violated Crim.P. 16.

After a hearing, the court found that the non-disclosure did constitute a violation of Crim.P. 16, but it refused to dismiss the charges. Rather, it precluded the People from questioning the witness with respect to the previous out-of-court identification. It allowed the witness to identify defendant at trial, and it provided the defense with an opportunity to meet with the witness at length before trial reconvened. In addition, the defense was given the option of cross-examining the witness concerning the prior lineup.

■■■ Here, the sanction imposed deprived the People of the right to demonstrate that the witness had immediately identified defendant's picture, and they were left to rely solely on the witness' in-court identification. In addition, the defense was given the opportunity to refer to the witness' prior identification and to demonstrate inaccuracies in his testimony which the defense learned of only as a result of the *in camera* hearing.

Finally, there is no evidence of any prosecutorial bad faith which might warrant the imposition of a punitive, rather than merely a curative, sanction. The prosecution's dereliction constituted simple negligence, at most.

Under these circumstances, we conclude that the trial court's choice of sanctions did not constitute an abuse of discretion. Therefore, we do not address the People's contentions that the information was purely inculpatory and that defendant has failed to demonstrate any prejudice from the late disclosure.

## IV.

Defendant next contends that the trial court erred in denying his motion to suppress an in-court identification made by another witness. We disagree.

At trial, the People proposed to call a witness to identify defendant as the perpetrator. Defendant objected because the witness had insufficient first-hand knowledge on which to base such an identification, and

counsel asked for a hearing *in camera*. The People argued that no hearing was necessary because the witness had not participated in any pre-trial identification procedures which might have tainted his in-court identification. The court held the requested hearing, but ruled that the witness could testify.

■■■ Contrary to the People's suggestion, Colorado law recognizes that in-court identifications may be per se impermissibly suggestive because the physical arrangement of the courtroom demonstrates to the witness that it is the defendant who is charged. Thus, even though a witness has not participated in any pre-trial identification procedure, the People are nonetheless required to make the same showing on such testimony as would be necessary had the witness been subjected to an impermissibly suggestive pre-trial procedure. *People v. Walker*, 666 P.2d 113 (Colo.1983).

■■■ The People have the burden of establishing by clear and convincing evidence that the in-court identification is based upon the witness' prior independent observations of the defendant. In determining whether the witness possesses such an independent basis, the court considers five factors: (1) the opportunity of the witness to view the criminal at the time in question; (2) the witness' degree of attention; (3) the accuracy of any prior description of the criminal by the witness; (4) the level of certainty demonstrated by the witness at the later confrontation; and (5) the time which has elapsed between the crime and the confrontation. *People v. Walker, supra.*

■■■ Here, the witness' testimony at the *in camera* hearing revealed that the witness viewed defendant for about five seconds prior to the shooting; he was watching fairly closely, because a potentially violent confrontation seemed to be developing which might involve a friend of his; the witness had not previously given or been asked for any description of defendant; he felt "65 to 70 percent" certain of his identification of defendant; and that thirteen months had elapsed since the crime. Based upon the foregoing, the court ruled that the witness had an inde-

pendent basis for identifying the defendant in court and denied defendant's motion to suppress.

The foregoing facts are adequately supported by the record, and the trial court was in a position to evaluate the credibility of the witness. Therefore, its determination will not be set aside on appeal. And, since the witness thus had an independent basis for his identification, any further objections to its reliability go to its weight rather than to its admissibility. *People v. Walker, supra.*

## V.

Lastly, defendant contends that various allegedly improper remarks by the prosecutor warrant reversal. We have reviewed those remarks and the context in which they were made and conclude that this contention lacks merit.

Judgment affirmed.

BRIGGS and ROY, JJ., concur.