## No. 14,491.

### Catalina v. The People.

(93 P. [2d] 897)

Decided July 3, 1939. Rehearing denied September 11, 1939.

Mr. WILLIAM S. RUSH, Mr. I. E. SCHACHET, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. HENRY E. LUTZ, Assistant, for the people.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

A PROSECUTION for murder. There was judgment of conviction and pursuant to determination to that effect by the jury, defendant was sentenced to suffer death in manner provided by law.

It appears generally that defendant was the proprietor of a cigar store in Salida, in which he permitted gambling.

In the evening of the day of the homicide, deceased, one John Trujillo, entered the place and there engaged in a poker game.. He purchased chips, to the amount of a dollar, which he lost, and subsequently procured fifty cent's worth more. Defendant did not participate in the play at the beginning, but some little time before the tragedy he took the place of a player who left and thereafter had part in the game. It appears, too, that deceased did not pay for the last purchase of chips, and that defendant demanded that he make payment or return them. Deceased indulged in criticism of some of the players and of one particularly by whom he complained to the effect that he had been swindled. It is apparent that considerable quarrelling ensued among the players and that deceased was not sparing in his denouncement of those whom he believed were cheating. There was evidence to the effect that defendant endeavored to pacify all concerned, but finally himself became engaged in the brawl with deceased and again demanded that the latter pay for or return the last chips purchased.

There was evidence that deceased remarked to the defendant in substance, "You think you are tough," to which defendant replied that he did not consider himself so, but in the further quarrelling he drew from his pocket and exhibited a revolver. By that time both men were standing. Noting the gun, deceased bared his breast, and said, "Now you have your gun drawn, why don't you shoot?" or words of similar import. After holding the gun momentarily in the air, as there was evidence to indicate, defendant pointed it at deceased, fired, and the shot was fatal. There also was evidence that as the two men were standing, defendant said to deceased, "Don't move or I will shoot," and that deceased did not move, but that defendant shot nevertheless.

That the quarrel was over a trivial matter is apparent, and that rough language and language calculated to be insulting was indulged generally, clearly appears. There was no evidence that deceased was armed.

Defendant urged that he shot in self-defense; that he feared he would lose his life or receive great bodily harm at the hands of deceased, and shot only because of such fear. This defense was properly submitted to the jury by an instruction to which no objection was offered. Indeed, the entire charge to the jury was painstakingly drawn and seems to conform to the legal requirements in such prosecutions. It was wholly unchallenged. The jury being fully advised by the instructions as to the various degrees and ingredients of the crime charged was to determine the issue as to defendant's guilt or innocence, and, if guilty, the degree thereof, that is to say, whether murder in the first degree, the second degree, or voluntary manslaughter. It was made clear to the jury that if they found defendant guilty of murder in the first degree it then was their duty to determine the penalty to be imposed, either death or imprisonment for life; but if their verdict should be guilty of second degree murder or of manslaughter, it would be the province of the court to fix the penalty. The jury found defendant guilty of murder in the first degree and fixed penalty as we have indicated.

On writ of error to review the judgment, defendant complains that the verdict is contrary to the evidence. In determining the motion for new trial the lower court resolved that point adversely to defendant's contention, and our study of the record leads us to conclude that the verdict was supported by competent evidence, which the jury, in its wisdom, was entitled to believe. Like observation, the record considered, is pertinent to the disposition of the assigned error that the verdict was contrary to the law.

It is urged that in fixing the death penalty the jury was actuated by passion and prejudice and that the evidence did not justify the fixing of that penalty. We are in accord with the view of the trial judge, who, passing on the motion for new trial, observed that he "might have fixed a different penalty" were it a matter for his

determination; but that consideration is no more within our province than that of the trial court. Defendant sat in a poker game in his own establishment where quarrelling was being indulged, and in which he became a participant. The jury, properly instructed as we have observed, concluded that the shooting was wholly unjustified, and since it was its duty to make determination as to the extent of the penalty to be imposed, as well as to pass upon the question of guilt in the first instance, there is no warrant justifying our interference.

■ Complaint is made that the court improperly denied admission of testimony of a witness offered by defendant to the effect that deceased had a reputation for quarrelsomeness. Considering that defendant had not known deceased prior to the evening in question, and that it did not appear he had ever heard of him or his alleged disposition to be quarrelsome, the court properly rejected the proffered evidence. *Redus v. People,* 10 Colo. 208, 14 Pac. 323.

■ Defendant's counsel contend that the court erred in permitting the jury to attend a theater at Salida on the night of July 20, and during the time the trial was in progress, without the knowledge or consent of defendant. Specific prejudice by reason of this occurrence is not alleged, nor does any appear. Perhaps, considering the gravity of the charge and the extreme penalty involved, the jury should not have been permitted to attend a public gathering; but in the absence of a showing of prejudice, which, as already mentioned, does not appear, a finding of error on this assignment is not justified. *Jones v. People,* 6 Colo. 452.

■ By motion for new trial and as one of its grounds, it was asserted that newly discovered evidence warranted its granting. Our study leads us to conclude with the trial court that the showing in this respect was not sufficient.

We have proceeded in the light of briefs and oral presentation of able counsel, and have given sympathetic

thought to the plight of the unhappy defendant, but we perceive no error.

Let the judgment be affirmed, execution of the sentence to be of the week commencing Monday, September 25, 1939.

MR. JUSTICE FRANCIS E. BOUCK not participating.