George M. McNamara, District Judge,*
delivered the opinion of the Court.
The plaintiff in error, Samuel Gilbert Chacon, who will be referred to as the defendant, was convicted of the crime of assault with a deadly weapon.
The defendant alleges that the trial court erred in not permitting counsel to cross-examine a prosecution witness, one Charles Althause, regarding his alleged turbulent character when drunk. Althause was with Travis McLaughlin, victim of the assault, when the latter was shot by the defendant. The defendant alleges the trial court erred in admitting in evidence the defendant’s statement to police claiming that the defendant did not intelligently and knowingly waive his constitutional rights to remain silent and to have assistance of retained or appointed counsel.
At about 1:15 A.M., on October 27, 1968, the defendant was escorting two girl friends, Peggy Hoffman and Melody Peterson, home. He was carrying a loaded .22 *439 calibre revolver because he lived “in a tough neighborhood.”
As the defendant and his companions were walking towards their destination, two teenage soldiers, Althause and McLaughlin, were walking ahead going in the same direction. The defendant and the two girls then crossed a vacant lot which placed them ahead of the two soldiers.
The defendant testified on his own behalf. He testified that he noticed the two soldiers were gaining on him and his companions, and that the soldiers were about 30 or 35 feet behind him when he turned around, showed them the gun and “I said, ‘All right, halt.’ ” Then he fired two shots, one of which hit McLaughlin.
He admitted on cross-examination that prior to the shooting neither Althause nor McLaughlin said anything or made any gestures.
Peggy and Melody testified. Their testimony was the same as the defendant’s, i.e., no statements or utterances or gestures were made by either Althause or McLaughlin.
A person who is in a situation where it appears that he is in real danger has the right to act upon appearances, even though such appearances may prove to be deceptive. Young v. People, 47 Colo. 352, 107 P. 274.
The record contains no evidence that the defendant or his girl friends were in any danger. Nevertheless, the court instructed the jury on the defendant’s theory of the case, i.e., self-defense and the defense of others.
We conclude that the trial court properly excluded the proffered testimony concerning the alleged turbulent character of the witness Althause when he is drinking. Under the facts of this case, such testimony would be totally irrelevant.
At an in camera hearing concerning his statement to the police on the night of the shooting, the defendant testified that he was 18 years of age and had completed the first half of the 11th grade in high school. It is admitted that he was advised of his Miranda right. How *440 ever, the defendant contends that this is insufficient and he cites Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, in which it is stated that a waiver may not be presumed from silence.
In testifying at the in camera hearing, the defendant was asked if he understood what the detective had told him and he answered in the affirmative. He answered in the negative when asked, “Did the officers persist in asking questions against your will?”
The testimony supports the trial court’s finding that the defendant’s statement to the police was voluntarily and knowingly given.
The judgment is affirmed.
Mr. Justice Day and Mr. Justice Hodges not participating.

District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.