**No.26243**

**The People of the State of Colorado v. Amos H. Walker**

(542 P.2d 1283)

Decided December 1, 1975.

546

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Hindry & Meyer, Charles F. Brega, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The defendant appeals on several grounds his conviction by a jury on two counts of first-degree assault and his sentences thereon. Count I alleged the assault of a police officer, David Alengi, in the performance of his duties, 1971 Perm.Supp., C.R.S. 1963, 40-3-202(1)(e),[1] and Count II alleged assault of Standard Peter Chappelle with a deadly weapon, 1971 Perm.Supp., C.R.S. 1963, 40-3-202(1)(a).[2] He claims that his conviction on Count II should be reversed because of errors in jury instructions on the issue of self-defense. The defendant also contends that the trial court's denial of his motion for severance of the counts and certain prosecutorial conduct in the closing argument denied him a fair trial and were reversible error. Additionally, he seeks appellate review of his concurrent sentences of 12 - 20 years which were allegedly unconstitutionally imposed. 1971 Perm.Supp., C.R.S. 1963, 40-1-509,[3] C.A.R. 4(c).

For the reasons appearing in this opinion, we *affirm* the conviction and sentence imposed on Count I and *reverse* the conviction on Count II, remanding to the trial court for a new trial.

## I.

The evidence disclosed that on February 1, 1973, the defendant was reclining in a barber's chair in a barber shop. Standard Peter Chappelle, who was known by the defendant, entered the shop and slowly approached the defendant in an aggressive and threatening manner. The defendant rose from the chair. When Chappelle made a motion with his right hand, which was hidden from the defendant's view, the defendant removed a pistol from his belt and shot once at the floor near Chappelle's feet. Chappelle continued to advance and the defendant shot twice at Chappelle's legs wounding him. Chappelle ran from the shop declaring that he was going to get his gun from his car and was going to kill the defendant. The defendant ran out of the shop and shot into the air in order to stop Chappelle. Chappelle fell into the entrance way of a nearby restaurant. The defendant, with gun in hand followed him into the entrance way, crouched over Chappelle, and frisked him for a weapon.

Immediately prior to the foregoing events, Officer David Alengi, along with two other undercover officers from the Drug Abuse Law En-

---

[1]Now section 18-3-202(1)(e), C.R.S. 1973.
[2]Now section 18-3-202(1)(a), C.R.S. 1973.
[3]Now section 18-1-409, C.R.S. 1973.

forcement Unit, had entered the restaurant looking for Chappelle in the course of a narcotics investigation. The officers saw Chappelle run by the restaurant window and fall into the entrance way. As the defendant proceeded to frisk Chappelle, the three officers, who had several previous encounters with the defendant, came out of the restaurant, pointed their guns at the defendant and ordered him to drop his gun.

The evidence is controverted as to whether the officers identified themselves as officers and as to defendant's response to the order of the officers. However, accepting the testimony in the light most favorable to the prosecution, it appears that the defendant looked up and pointed a gun at Officer Alengi after the officer identified himself. The officer then fired his pistol, striking the defendant in the chest.

## II.

The defendant contends that the People failed to prove beyond a reasonable doubt the specific intent required for a conviction under Count I, and that, therefore, the motion for acquittal on Count I was improperly denied.

1971 Perm.Supp., C.R.S. 1963, 40-3-202(1)(e), provides that a person commits first-degree assault if:

"With intent to cause serious bodily injury upon the person of a peace officer or fireman, he threatens with a deadly weapon a peace officer or fireman engaged in the performance of his duties, and the offender knows or reasonably should know that the victim is a peace officer or fireman acting in the performance of his duties."

While specific intent must be established beyond a reasonable doubt, it may be proven by circumstantial evidence. *People v. Prante,* 177 Colo. 243, 493 P.2d 1083 (1972). The People established a *prima facie* case as indicated by the following evidence:

(1) The defendant pointed a loaded gun at Officer Alengi;

(2) Officer Alengi had identified himself (to the defendant) as an officer on several previous occasions;

(3) The defendant had seen Officer Alengi make five or ten arrests;

(4) The defendant was about seven feet from Officer Alengi at the time of the alleged assault; and

(5) Officer Alengi, although not in uniform, yelled at the defendant that he was a police officer both before and after the defendant pointed his gun at him, told the defendant to drop the gun, and shot the defendant when he failed to obey the officer's order.

When the People present a *prima facie* case, conflicting testimony signifies that a genuine issue of fact has been raised for resolution by the jury. *People v. Prante, supra.* The trial judge properly denied the motion for acquittal as to Count I.

## III.

The defendant advances several arguments alleging error as to the assault of Chappelle charged in Count II regarding jury instructions on the issue of self-defense. Only one of the contentions merits discussion.

The defendant contends that the trial court erred in refusing to instruct the jury upon defendant's following tendered instruction:

"You are instructed that the knowledge of the Defendant of Peter Chappelle's character for turbulence and violence is material to your determination of the intent with which the Defendant acted, especially as it relates to the reasonability of Defendant's expectation of great bodily harm and his subsequent actions in self-defense."

The trial judge properly admitted evidence of the turbulent and dangerous character of Chappelle because: (a) the defendant had laid a proper foundation by establishing a case of self-defense, *Jones v. People,* 6 Colo. 452 (1882); (b) at the time of the assault the defendant had knowledge of Chappelle's character, *Catalina v. People,* 104 Colo. 585, 93 P.2d 897 (1939); and (c) it was relevant to the defense of self-defense raised in the assault charge in Count II. *Chacon v. People,* 175 Colo. 437, 488 P.2d 56 (1971). *See Bailey v. People,* 54 Colo. 337, 130 P.832 (1913); *Annot. "Admissibility of Evidence as to Other's Character or Reputation for Turbulence on Question of Self-Defense by One Charged with Assault or Homicide,"* 1 A.L.R.3d 571. Since self-defense was a legal issue in the case and there was competent evidence in the record to compel the requested instruction, the trial judge erred in refusing to instruct the jury on the issue. The defendant, therefore, is entitled to a new trial on Count II. *Gonzales v. People,* 166 Colo. 557, 445 P.2d 74 (1966). *See Gunther v. State,* 228 Md. 404, 179 A.2d 880 (1962); *State v. Riddle,* 228 N.C. 251, 45 S.E.2d 366 (1947).

## IV.

The defendant contends that Counts I and II could not properly be joined under Crim.P. 8(a), and that, in any event, the trial judge abused his discretion in denying him relief from prejudicial joinder under Crim.P. 14.

The evidence in this case clearly indicated that the two assault counts arose out of the same continuous sequence of events closely related in time and distance. The two counts were "based on two acts connected together," Crim.P. 8(a), and the trial judge was not obligated to sever them at trial.

Nor did the trial judge abuse his discretion in denying the motion for severance under Crim.P. 14 which provides in part:

"If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses . . . in an indictment or information, or by such joinder in a trial together, the court *may* order an election or separate trials of counts, . . . or provide whatever relief justice requires. . . ." (Emphasis added.)

The denial of a severance under Crim.P. 14 is not a matter of right, but rather lies within the sound discretion of the trial court. *Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972).

Defendant relies heavily on *Cross v. United States,* 118 U.S. App.D.C. 324, 335 F.2d 987 (D.C. Cir. 1964), where the court held:

"Prejudice *may* develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence." 335 F.2d at 989. (Emphasis added.)

■ The mere fact that the defendant wishes to testify on one count and not on the other does not automatically entitle one to severance under Crim.P. 14. The moving party must make a "convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Baker v. United States,* 131 U.S. App. D.C. 7, 401 F.2d 958, 977 (D.C. Cir. 1968).

■ In *Cross,* the defendant made a "convincing showing" of prejudice. In this case, a review of defendant's testimony does not reveal the "convincing showing" of prejudice present in *Cross.* Defendant's testimony on Count I was not "plainly evasive and unconvincing." He was not questioned regarding his "tawdry way of life and prior convictions," nor were the facts underlying each count unrelated in time and location. We cannot say the trial judge abused his discretion in denying the motion for severance under Crim.P. 14.

## V.

The defendant assigns error as a result of alleged prejudicial conduct by the district attorney relating to remarks made in his closing argument to the jury. His complaint relates to Count II which deals with the assault of Standard Peter Chappelle. Inasmuch as the defendant is being granted a new trial on that charge, we do not deem it necessary to discuss this allegation, and it is irrelevant so far as Count I is concerned.

## VI.

First-degree assault is a Class 3 felony with a possible term of imprisonment of five to forty years. 1971 Perm.Supp., C.R.S. 1963, 40-3-202(2); 1971 Perm.Supp., C.R.S. 1963, 40-1-105. The trial judge sentenced the defendant to concurrent terms of 12 to 20 years on each count.

The defendant contends, *inter alia,* that the evidence at the sentence hearings did not support the conclusion that the defendant was dangerous, and that the information relied upon by the sentencing judge was inaccurate and improperly considered.

C.A.R. 4(c)(1) provides:

"When sentence is imposed upon any person following a conviction of any felony in which the sentence was imposed by the court, the person shall have the right to one appellate review of the propriety of the sentence, having regard to the nature of the offense, the character of the offender, the public interest, and the sufficiency and accuracy of the information on which the sentence was based.

"The appellate court may review only a sentence imposed which is more than three years greater than the minimum sentence provided for the offense."

■ In reviewing the record in a C.A.R. 4(c) proceeding, the sentence imposed cannot be modified unless it appears to the appellate court that the trial judge abused his discretion in imposing the sentence. *People*

*v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).

 The judge stated his specific findings of fact supporting his conclusion that the defendant was dangerous:

"Without lawful reason or legal license you were willing to conceal on your person one of the most deadly of weapons, a large caliber revolver — a .38. Number two, this deadly weapon was specially loaded with some birdshot, such that its impact on a human being would be much more likely to cause wide-spread disfigurment and injury than it would be to even cause death. . . . Number three, you knowingly used this deadly weapon on February 1 at least twice on your fellow black peer, Standard Peter Chappelle. Then you pointed it again, fully cocked, at a police officer, Officer Alengi. . . . The fourth item is that the jury found that whatever Peter Chappelle may have done did not justify the force or means that you utilized and did not meet the legal test of self-defense. . . . This they could find in your admitted three shots in the barber shop against an unarmed man, coupled with unreasonable pursuit down the street, firing a fourth shot at a man in full flight, wounded in at least one leg, possibly two, and corroborated by the continued threats of death to Mr. Chappelle at gunpoint after the wounded man fell, and observed by the eyewitnesses who were able to testify, . . . . Number five: Likewise, the jury found that you recognized the presence of the police officers from their warnings in the supper club and used that same gun to threaten one of the officers."

We cannot say that the trial judge abused his discretion in finding the defendant to be a dangerous person.

The defendant argues that the trial judge improperly imposed sentence by considering certain information:

(1) Prior counselors misdemeanor convictions
(2) Unreliable evidence
(3) Misinformation
(4) Immaterial information

 The record indicates that the judge restricted the evidence to be considered in the sentence hearings to the prior misdemeanor convictions and to evidence demonstrating the defendant's association with people involved in narcotics, which was used solely to assess the defendant's credibility. The defendant's other allegations of error regarding evidence adduced at the sentence hearing are without merit since the judge expressly stated that he was not taking the other information into consideration. The trial judge properly considered the information and did not abuse his discretion.

The judgment is affirmed in part, reversed in part, and remanded for a new trial on Count II.

MR. JUSTICE GROVES concurs in the result only.

MR. JUSTICE ERICKSON does not participate.