The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dennis BARNUM, Defendant–Appellant.

No. 02CA1454.

Colorado Court of Appeals, Div VI.

Feb. 19, 2009.

John W. Suthers, Attorney General, John J. Fuerst, III, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Joffe Law Firm, Danyel S. Joffe, Cynthia A. Harvey, Denver, Colorado, Sarah A. Rodrigues, Denver, Colorado, Margaret Eppler, Denver, Colorado; for Defendant–Appellant.

Opinion by Judge TERRY.

Defendant, Dennis Barnum, appeals his judgment of conviction for second degree burglary, first and second degree criminal trespass, and theft by receiving. He also

appeals his adjudication as a habitual criminal, and the sentence imposed.

We affirm and remand for correction of the mittimus.

## I.   CRE 404(b) Evidence

■ Defendant contends the trial court erred in admitting testimony about an uncharged home invasion he allegedly committed in Adams County. We need not consider whether it was error to admit this evidence because, in light of the entire record and the verdicts returned by the jury, we conclude this evidence did not substantially influence the verdict or impair the fairness of the trial, and thus any error was harmless.

The trial court admitted testimony from a witness who identified defendant as an intruder in her Adams County home. The witness stated that after she heard a loud noise and went to investigate, she saw defendant in her kitchen and noticed that her door had been kicked in. Shortly after the incident, she identified defendant in a photographic line-up. The witness further testified that she could still recognize the intruder, and identified defendant as that person. The incident occurred on the same day as several of the charged offenses. Additionally, the trial court found that the method of entry in the Adams County incident was similar to the methods of entry in the charged offenses. For these reasons, the trial court allowed the testimony.

■ Where a preserved error is not of constitutional dimension, it will be disregarded if there is no reasonable probability that the error contributed to the defendant's conviction. *People v. Garcia,* 28 P.3d 340, 344 (Colo.2001); *Salcedo v. People,* 999 P.2d 833, 841 (Colo.2000); *see* Crim. P. 52(a).

Here, the jury acquitted defendant of each of the charges that were alleged to have occurred on the same day as the Adams County incident. He was also found not guilty of the charges involving a burglary in which the victim's door was damaged. The evidence supporting defendant's sole conviction for second degree burglary did not involve eyewitness identification. Instead, it was based on the discovery of physical evidence that linked defendant to items belonging to the victims. Because the jury acquitted defendant of the count that alleged a similar burglary, and all charges that occurred on the same day as the Adams County incident, we conclude there is no reasonable probability that the testimony about the uncharged offense contributed to defendant's conviction of the other charges.

Moreover, absent evidence to the contrary, we presume the jury followed the court's limiting instructions and did not rely on the evidence for an improper purpose. *People v. Harlan,* 8 P.3d 448, 473 (Colo.2000).

## II.   Jury Instructions

■ Defendant maintains the trial court erred in rejecting a portion of his proposed theory of defense instruction. We perceive no error.

■ We review for abuse of discretion a trial court's decision not to give a jury instruction. *People v. Renfro,* 117 P.3d 43, 48 (Colo.App.2004).

Defendant proposed an instruction addressing eyewitness identification. Part of the proffered instruction stated his contention that the witnesses' "identifications were influenced and tainted by the circumstances of how … [defendant] was shown to them for identification." He argued that this language was necessary because misidentification was the entire theory of defense, and none of the other instructions addressed the contention that the police had influenced and tainted the out-of-court identifications of defendant. The trial court refused to give that portion of the instruction because it concluded the language was unnecessary to convey defendant's theory of defense. Instead, it incorporated defendant's theory of defense in an instruction that stated:

> [Defendant] contends that he was not the perpetrator of the crimes committed at the [alleged victims'] residences, and that the identifications made by [two of the alleged victims] were incorrect.

We conclude the trial court did not abuse its discretion in modifying defendant's proposed instruction because the jury instruction that was given adequately conveyed de-

fendant's theory that he had been improperly identified. *See Marn v. People*, 175 Colo. 242, 249, 486 P.2d 424, 427 (1971) (proper theory of defense instruction should conclude with "concise statement of the legal theory of defense"). Defendant's contention that the police improperly influenced the identification process was an appropriate subject for cross-examination and closing argument, but not for inclusion in a jury instruction. *See id.* at 248, 486 P.2d at 427 (trial court may decline to give proposed instruction that merely reargues evidence because defendant is afforded opportunity to argue facts in evidence during closing argument and is not entitled to have them "reiterated in instructions given by the court").

### III. Habitual Criminal Adjudication

Defendant asserts the trial court erred in adjudicating him as a habitual criminal. We consider and reject his contentions that the trial court (1) violated his right to be free from double jeopardy; and (2) erred in ruling that he had not demonstrated justifiable excuse or excusable neglect for failing to mount a timely collateral attack on his previous convictions.

### A. Double Jeopardy

■ Although the federal constitution's prohibition on double jeopardy does not apply to habitual criminal proceedings, the Colorado Constitution provides double jeopardy protection in such proceedings. *People v. Valencia*, 169 P.3d 212, 222 (Colo.App.2007) (citing *Monge v. California*, 524 U.S. 721, 727–28, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998), and *People v. Quintana*, 634 P.2d 413, 419 (Colo.1981)).

Here, after the jury convicted defendant of the substantive counts, the trial court, as required by former section 16–13–103 (now codified at § 18–1.3–803, C.R.S.2008), held a hearing to determine whether defendant was a habitual criminal. Before any witness testimony was presented or exhibits were admitted, defendant moved to dismiss four habitual criminal counts because they did not allege specific dates of the prior offenses. The trial court granted the motion, and the prosecution filed a motion to reconsider. Af-

ter reconsideration, the trial court denied defendant's motion to dismiss the counts, and recommenced the hearing. It adjudicated defendant as a habitual criminal.

Citing *People v. Quintana*, defendant argues that jeopardy attached when the jury was sworn for trial on the substantive charges, and that he was subjected to double jeopardy when the trial court reinstated the habitual criminal charges against him. Defendant's reliance on *Quintana* is misplaced.

When *Quintana* was decided, defendants had a statutory right to a jury determination of habitual criminality. Ch. 44, sec. 1, § 39–13–103(1), 1972 Colo. Sess. Laws 254 (later codified with amendments at § 16–13–103(1) until repeal in 2002); *People v. Edwards*, 971 P.2d 1080, 1082 (Colo.App.1998).

■ By the time defendant here was adjudicated a habitual criminal, the statute had been amended so that such adjudications were to be decided by the court. § 16–13–103 (now codified at § 18–1.3–803(1), C.R.S.2008). Therefore, jeopardy did not attach as to the habitual criminal counts, as defendant contends, when the jury was sworn for trial of the substantive charges. Instead, as provided in section 18–1–301(1)(d), C.R.S.2008, jeopardy would not have attached until after the first prosecution witness was sworn. *Cf. Valencia*, 169 P.3d at 222 (appellate court assumed that jeopardy attached in habitual criminal proceeding when the court admitted exhibit into evidence). Because no witness had yet been sworn in the habitual criminal proceeding and no exhibits had been admitted when the trial court dismissed the charges, jeopardy had not yet attached.

Therefore, the trial court's reinstatement of the habitual criminal charges against defendant did not violate protections against double jeopardy. *Cf. id.* at 222–23 (there can be no double jeopardy violation where interruption of hearing did not terminate proceeding against defendant).

### B. Collateral Attack on Prior Convictions

■ Defendant contends the trial court erred in ruling that his mental health problems did not amount to justifiable excuse or excusable neglect for purposes of his untime-

ly collateral attack on his prior convictions. We discern no error.

Whether a defendant has shown justifiable excuse or excusable neglect is a question of fact to be resolved by the trial court. *People v. Jenkins,* 83 P.3d 1122, 1130 (Colo.App. 2003). Here, the People's expert testified that defendant was of average intelligence, appeared to be malingering, and was capable of attacking his convictions in a timely fashion. Additionally, the trial court found that defendant's pro se filings "indicate[d] a level of sophistication and desire which belie[d] his claim of mental incompetence and inability to pursue attacks on his prior convictions." Because the record supports the trial court's findings, we will not disturb them on review. *See People v. Pennington,* 989 P.2d 230 (Colo.App.1999).

### IV. Correction of the Mittimus

We remand to the trial court for correction of the mittimus because it incorrectly reflects the verdicts on certain charges. It states that defendant was convicted of second degree burglary and first degree criminal trespass for offenses that occurred on April 19, 1996; however, the verdict forms show that those convictions were for offenses that occurred on April 24, 1996. The mittimus also reflects that he was convicted of second degree criminal trespass that occurred on September 13, 1966; however the verdict form shows he was convicted for this offense which occurred on April 25, 1996. And although the verdict form does not show the date of offense for his theft by receiving conviction, it appears that the mittimus date of July 3, 1969 is erroneous.

The judgment and sentence are affirmed, and the case is remanded for correction of the mittimus.

Judge CARPARELLI and Judge HAWTHORNE concur.